# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR

## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

### ANTHONY JOHN TODT

### INITIAL COMPLAINT

v.

### OSCEOLA COUNTY SHERIFF'S DEPT.
***Operated by State of Florida***

### OSCEOLA COUNTY JAIL,
***Board of Commissioners of Osceola County***

**Case No:**
*(To be filled in by the Clerk's Office)*

### COLE MILLER,
***Detective Osceola County Sheriff's Office,***
***State of Florida***

**Jury Trial Requested?**

☒  YES        ☐  NO

### DANIELLE PINNELL, ESQ,
***Office of State Attorney***
***9th Judicial Circuit***
***State of Florida***

### RUSSELL GIBSON,
***Sheriff, Osceola County Sheriff's Office,***
***State of Florida***

_____ /

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: **Anthony John Todt , DC#A81496**

List all other names by which you have been known: **Anthony J. Todt**

Address:           **Santa Rosa Correctional Institution Annex**
                   **5850 East Milton Road**
                   **Milton, FL  32583**

### B. Defendant(s)

State the name of the Defendant, whether an individual, governmental agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name:      **Osceola County Sheriff's Department**
   Official Position:      *Operated by State of Florida*
   Employed at:           **State of Florida**
   Mailing Address:       **2601 E. Irlo Bronson Memorial Hwy**
                          **Kissimmee, FL  34744-4912**

   ☐ Sued in Individual Capacity          ☒ Sued in Official Capacity

2. Defendant's Name:      **Osceola County Jail**
   Official Position:      *Operated by Board of County Commissioners*
   Employed at:           **Osceola County**
   Mailing Address:       **402 Simpson Road**
                          **Kissimmee, Florida 34744**

   ☐ Sued in Individual Capacity          ☒ Sued in Official Capacity

3. Defendant's Name:      **Cole Miller**
   Official Position:      **Deputy/Lead Detective**
   Employed at:           **Osceola County Sheriff's Department,**
                          **State of Florida**
   Mailing Address:       **2601 E. Irlo Bronson Memorial Hwy.**
                          **Kissimmee, FL  34744-4912**

   ☒ Sued in Individual Capacity          ☒ Sued in Official Capacity

2

4. Defendant's Name:    **Danielle Pinnell, Esq.**
   Official Position:    **Assistant State Attorney ,**
                             **Ninth Judicial Circuit**
   Employed at:    **State of Florida**
   Mailing Address:    **2 Courthouse Square, Suite 3500**
                             **Kissimmee, FL  34741**

☒ Sued in Individual Capacity        ☒ Sued in Official Capacity

5. Defendant's Name:    **Russell Gibson**
   Official Position:    **Past-Sheriff**
   Employed at:    **Osceola County Sheriff's Department**
   Mailing Address:    **2601 E. Irlo Bronson Memorial Hwy.**
                             **Kissimmee, FL  34744-4912**

☐ Sued in Individual Capacity        ☒ Sued in Official Capacity

## II.   BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 OR § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against *(check all that apply)*:

☐ Federal Officials *(Bivens case)*    ☒ State/Local Officials *(§ 1983 case)*

## III.   STATEMENT OF FACTS

Provide a short and plain statement of the **facts** showing why you are entitled to relief. Describe how ***each*** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote case, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

## PARTIES

1) Plaintiff, Anthony John Todt, was arrested on January 15, 2020 and at all times relative hereto, was detained at Osceola County Jail until April 19, 2022.

2) At all times relative hereto, Defendant Cole Miller (hereinafter Defendant Miller) was employed by Osceola County Sheriff's Department in the State of Florida, as a Deputy/Lead Detective of the Plaintiff's criminal case.

3) At all times relative hereto, Defendant Russell Gibson (herein after Defendant Gibson) was employed by the Osceola County Sheriff's Department in and for the State of Florida, as the Sheriff of Osceola County.

4) At all times relative hereto, Defendant Danielle Pinnell, Esq. (hereinafter Defendant Pinnell) was employed by the Ninth Judicial Circuit, State of Florida, as the Assistant State Attorney for the Ninth Judicial Circuit.

5) Defendant Osceola County Jail, was operated by the Osceola County Sheriff's Department until March 1, 1997 and then operations were transferred to the Osceola Board of Commissioners, under which still holds true today.

6) Defendant Osceola County Sheriff's Office is under the auspices of the State of Florida, and ceased operations of the Osceola County Jail March 1, 1997.

## GENERAL ALLEGATIONS

1) Anthony John Todt was arrested and detained on January 15, 2020 in a highly publicized and sensationalized case originating in Celebration, Florida, by the Osceola County Sheriff's Department, of the State of Florida.

2) Detective Cole Miller, Lead Detective on the case, was employed by the Osceola County Sheriff's Department, a division of the State of Florida.

3) Anthony J. Todt was detained, beginning January 15, 2020, at the Osceola County Jail operated by the County Board of Commissioner of Osceola County, Florida.

4) Osceola County Sheriff's Department and the Osceola County Jail are two completely separate entities and are operated and managed as such.

5) Immediately upon arrival at the Osceola County Jail, Plaintiff Anthony John Todt was placed on the 24-hour psychological observation area, on suicide watch, in a suicide prevention smock.

6) On or about June 1, 2020, a limited restoration of privileges was granted to Plaintiff Anthony John Todt, while still remaining on the 24-hour psychological observation that included writing, mail, and letter writing privileges.

7) June 22, 2020, Plaintiff Anthony John Todt finished writing a letter to his estranged father, Plaintiff Robert Todt, answering inquiries via previous mail received, and also writing items of a personal nature to his father.

8) In this highly publicized and sensationalized case, the relationship and family history between Plaintiff Anthony John Todt and Plaintiff Robert Todt was publicized and of "tabloidal" interest.

9) Osceola County Jail has a procedure in place for mailings from psych observation housing area. Upon completion of the letter: (1) the envelope and letter are to be given to the Correction Officer for inspection. Such things scanned for are any items in a nature of code, contraband, and possible criminal activity. Any indication of such, the item will be turned over to law enforcement (Osceola County Sheriff's Department). The letter is not read in its entirety but rather scanned; (2) After the satisfactory inspection by the Correctional Officer, the letter is then returned to the inmate in the cell through the flood flap, where under the visual watch of the Correctional Officer, the inmate then places the letter in the envelope and seals it shut; (3) The letter is then returned to the Correctional Officer through the food flap and the Correctional Officer will confirm it is sealed, and initial it on the flap indicating it sealed and inspected; (4)The letter is considered officially sealed and inspected according to procedure and then placed in the mail bag to be mailed; (5)Once the letter is inspected, sealed, and initialed, it is not to be opened again unless under Court Order as it is now considered under the authority of the US Postal Authority.

10) In this case, the envelope was checked on June 22, 2020 and initialed by officer. A second stamp was pre-printed to the back of the envelope identifying the document as one that originated from a correctional facility. A postage stamp was pre-affixed/pre-printed on the envelope. The letter was placed the mail bag on June 22, 2020 under the watchful eye of the Plaintiff Anthony John Todt.

11) FBI regulations and those of the US Postmaster General have both confirmed to that once a letter is sealed and stamped, the letter is under the

jurisdiction of the United States Postal Service and cannot be opened without a warrant or subpoena.

12) July 2020, a Freedom of Information Act was granted to the Associated Press and/or Orlando Sentinel to obtain the before mentioned letter that was obtained illegally, without warrant or subpoena, by Defendant Miller and forwarded to Assistant State Attorney Danielle Pinnell.

13) Subsequently on July 27, 2020, the Associated Press published the before mentioned 27 page letter in a multitude of newspapers nationwide, including the Orlando Sentinel, without permission of Plaintiff Anthony John Todt, or Robert Todt, the intended recipient of the letter.

14) In pertinent part, it was printed in the Orlando Sentinel "Anthony Todt, 44, made the claim in a 27-page letter written from the Osceola County Jail and dated June 19 to his father is Massachusetts. Todt has been in jail since his January arrest. Prosecutors had copied the letter as evidence and released it to the newspaper in response to a public records request."

15) The Associated Press published the article July 27, 2020, at which time the Plaintiff became aware of the Constitutional Violation.

16) The Orlando Sentinel conveniently knew of the specific letter existed for the specific Public Records Request.   After Robert Todt spoke with the Postmaster in Orlando, Florida, he called the District Attorney's Office to inquire about the Associated Press article and was told the DA "could not speak" to him on this matter since "it was evidence in an ongoing investigation". The privacy and confidentiality of the evidence could not be discussed with Robert Todt but the letter could be released to the Associated Press, the internet and several national news organizations for publication.

17) During the same timeframe, multiple letters were obtained in the same means by Defendant Miller and turned over to Defendant Pinnell, as was evident in discovery, yet this was the only letter "requested" by the Associated Press/Orlando Sentinel, also without a subpoena or warrant authorizing such.

18) On October 29, 2020, during a legal deposition, Defendant Miller admitted to a custom of collecting letters from persons incarcerated at Osceola County Jail: "Yeah I read his letters...It's done in all cases...there is no expectation of privacy in jail as far as I know.   I'm no lawyer...forwarded to prosecutor...told the jail to collect Mr. Todt's letters to and from...I believe that is standard on most of our - - all of our homicide cases"

## IV.   STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

### 1)  Florida Constitution Article 1, Section 9: Due Process

No person shall be deprived of life, liberty or property without due process of law, or be twice put in jeopardy for the same offense, or be compelled in any criminal matter to be a witness against oneself.

### 2)  Florida Constitution Article 1, Section 12: Searches and Seizures-

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution.

### 3)  United States Constitution Amendment IV:
### Unreasonable Search and Seizure

The right of the people to be secured in their houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**4) United States Constitution Amendment XIV, Section 1: Due Process**

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

---

i.     **Defendant Miller–**
**Fourth Amendment Unreasonable Search and Seizure Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

ii.     **Defendant Miller–**
**Fourteenth Amendment Due Process Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

iii.     **Defendant Pinnell–**
**Fourth Amendment Unreasonable Search and Seizure Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

iv.     **Defendant Pinnell–**
**Fourteenth Amendment Due Process Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

v.     **Defendant Gibson–**
**Fourth Amendment Unreasonable Search and Seizure Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

vi. **Defendant Gibson–**
**Fourteenth Amendment Due Process Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

vii. **Defendant Osceola Jail–**
**Fourth Amendment Unreasonable Search and Seizure Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

viii. **Defendant Osceola Jail–**
**Fourteenth Amendment Due Process Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

ix. **Defendant Osceola County Sheriff's Office–**
**Fourth Amendment Unreasonable Search and Seizure Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

x. **Defendant Osceola County Sheriff's Office–**
**Fourteenth Amendment Due Process Violation**
Florida Constitution Article 1, Section 9 Due Process Violation
Florida Constitution Article 2, Section 12 Search and Seizure Violation

## STATEMENT OF CLAIMS EXPLAINED

### i.
### DEFENDANT MILLER
#### Fourth Amendment USCA Unreasonable Search And Seizure
*(Florida Constitution Article 1 Section 9 – Due Process)*
*(Florida Constitution Article 1 Section 12 – Search and Seizure)*

19) Plaintiff incorporates by reference herein paragraphs 1 through 19 above.

20) Defendant Miller instructed the Osceola County Jail, operated by the Osceola Board of Commissioners of Osceola County, a municipality, to collect and forward all mail(incoming and outgoing) to him without Court Order or Authority, as was common practice custom.

21) Defendant Miller seized Plaintiff's letter without Court Order or Authority as set forth in Article 1, Section 9 and Article 1, Section 12 Florida Constitution, and the Fourth Amendment of the United States Constitution.

22) Defendant Miller, after reading said letter, forwarded a copy of said letter to Assistant State Attorney.

23) Defendant Miller has been trained on and knew the appropriate protocol regarding Constitutionally Legal Search and Seizure procedures but chose to violate the Constitutionally protected rights of Plaintiff Anthony John Todt through custom and practices in conflict with the United States Constitution and Florida State Constitution.

### ii.
### DEFENDANT MILLER
#### Fourteenth Amendment USCA Due Process violation
*(Florida Constitution Article 1 Section 9 – Due Process)*
*(Florida Constitution Article 1 Section 12 – Search and Seizure)*

24) Plaintiff incorporates by reference herein paragraphs 1 through 19, and 20 through 24 above.

25) Defendant Miller violated Constitutionally-protected liberty of Plaintiff Anthony John Todt in his illegal seizure of mail that was under the authority of the United States Postal Service, without authority and Court Ordered Permission granting such.

26) Defendant Miller violated Constitutionally-protected liberty of Plaintiff Anthony John Todt through his reading and forwarding of illegally obtained

property that was sealed and under the authority of the United States Postal Service without Court Ordered Permission granting such.

27) Defendant Miller was a State Actor and acted under the color of law in accordance to policies and customs of the Osceola County Sheriff's Department under the auspices of the State of Florida, in violation of both the Constitution of the United States and the Constitution of the State of Florida.

28) Defendant Miller acted in violation of the Due Process Clause that protects individual liberty against certain government actions that interfere with certain fundamental rights and liberty interests of the Plaintiffs.  The Fourteenth Amendment of the United States Constitution forbids the government to infringe on the fundamental rights and liberties which are deeply rooted in this Nation's history and tradition. These rights cannot be deprived the Plaintiffs without due process of law, which did not occur in this case, as there was no Court Ordered Subpoena or Warrant authorizing Defendant Miller to obtain and possess before mentioned letter.

29) Defendant Miller knew that the Osceola County Jail and the Osceola County Sheriff's Department fell under two entirely different authorities and jurisdictions but voluntarily chose to collude to violate the liberties and rights of the Plaintiffs under customs and practices in conflict and violation with the Constitution of the United States and the Florida State Constitution.


### iii.
### DEFENDANT PINNELL
### Fourth Amendment USCA Unreasonable Search And Seizure
### *(Florida Constitution Article 1 Section 9 – Due Process)*
### *(Florida Constitution Article 1 Section 12 – Search and Seizure)*

30) Plaintiff incorporates by reference herein paragraphs 1 through 19 above.

31) Defendant Pinnell had knowledge of the customs and practices of illegal search and seizures by the Osceola County Sheriff's Department of those who were detained by the Osceola County Jail, an organization operated by the Osceola County Board of Commissioners, an entity of Osceola County, a municipality.

32) Defendant Pinnell received before mentioned letter acting in collusion with Defendant Miller after June 22, 2020 and before July 27, 2020 and failed in

her duty to report and/or correct the Constitutions Violations of the United States and the State of Florida.

33) Defendant Pinnell was in possession of the illegally seized Plaintiff's letter without Court Order or Authority and failed in her duty to report and/or correct the Constitutional Violations of the United States and the State of Florida.

34) Defendant Pinnell released the illegally seized letter to the Associated Press/Orlando Sentinel in response to a Freedom of Information Request, which said letter was later published in multiple news media sources across the United States and the internet.

35) Defendant Pinnell has been trained on and knew the appropriate protocol regarding Constitutionally Legal Search and Seizure procedures but chose to perpetuate the violation the Constitutionally protected Rights of Plaintiff Anthony John Todt.

36) Defendant Pinnell knew that the Osceola County Jail and the Osceola County Sheriff's Department fell under two entirely different authorities and jurisdictions.

## iv.
## DEFENDANT PINNELL
### Fourteenth Amendment USCA Due Process Violation
### *(Florida Constitution Article 1 Section 9 – Due Process)*
### *(Florida Constitution Article 1 Section 12 – Search and Seizure)*

37) Plaintiff incorporates by reference herein paragraphs 1 through 19 above.

38) Defendant Pinnell had knowledge of the customs and practices of illegal search and seizures by the Osceola County Sheriff's Department of those who were detained by the Osceola County Jail, an organization operated by the Osceola County Board of Commissioners, an entity of Osceola County, a municipality.

39) Defendant Pinnell received before mentioned letter acting in collusion with Defendant Miller after June 22, 2020 and before July 27, 2020 and failed in her duty to report and/or correct the Constitutions Violations of the United States and the State of Florida.

40) Defendant Pinnell was in possession of the illegally seized Plaintiff's letter without Court Order or Authority and failed in her duty to report and/or

correct the Constitutional Violations of the United States and the State of Florida.

41) Defendant Pinnell released the illegally seized letter to the Associated Press/Orlando Sentinel in response to a Freedom of Information Request, which said letter was later published in multiple news media sources across the United States and the internet.

42) Defendant Pinnell has been trained on and knew the appropriate protocol regarding Constitutionally Legal Search and Seizure procedures but chose to perpetuate the violation the Constitutionally protected Rights of Plaintiff Anthony John Todt.

43) Defendant Pinnell knew that the Osceola County Jail and the Osceola County Sheriff's Department fell under two entirely different authorities and jurisdictions.

**v.**
**DEFENDANT GIBSON**
**Fourth Amendment USCA Unreasonable Search and Seizure Violation**
*(Florida Constitution Article 1 Section 9 – Due Process)*
*(Florida Constitution Article 1 Section 12 – Search and Seizure)*

44) Plaintiff incorporates by reference herein paragraphs 1 through 19 above.

45) Defendant Gibson was Defendant Miller's supervisor as the Sheriff of Osceola County, under the auspices of the State of Florida, at the time of the Constitutional Right Violations occurred in this case.

46) Defendant Gibson through supervision and direction, in addition to lack of sufficient training, permitted and established the framework for the customs and practices of the violations of the Plaintiffs.

47) Defendant Gibson issued no disciplinary action to Defendant Miller regarding the violations of the United States and the State of Florida Rights afforded the Plaintiffs.

48) Defendant Gibson through his supervision and direction, failed to effectively supervise and train Defendant Miller.

49) Defendant Gibson acted in violation of the Due Process Clause that protects individual liberty against certain government actions that interfere with certain fundamental rights and liberty interests of the Plaintiffs.   The Fourteenth Amendment of the United States Constitution forbids the

13

government to infringe on the fundamental rights and liberties which are deeply rooted in this Nation's history and tradition. These rights cannot be deprived the Plaintiff without due process of law, which did not occur in this case, as there was no Court Ordered Subpoena or Warrant authorizing Defendant Miller to obtain and possess before mentioned letter.

50) Defendant Gibson knew that the Osceola County Jail and the Osceola County Sheriff's Department fell under two entirely different authorities and jurisdictions but voluntarily chose to collude to violate the liberties and rights of the Plaintiffs under customs and practices in conflict and violation with the Constitution of the United States and the Florida State Constitution.

**vi.**
**DEFENDANT GIBSON**
**Fourteenth Amendment USCA Due Process Violation**
*(Florida Constitution Article 1 Section 9 – Due Process)*
*(Florida Constitution Article 1 Section 12 – Search and Seizure)*

51) Plaintiff incorporates by reference herein paragraphs 1 through 19 above.

52) Defendant Gibson was Defendant Miller's supervisor as the Sheriff of Osceola County, under the auspices of the State of Florida, at the time of the Constitutional Right Violations occurred in this case.

53) Defendant Gibson through supervision and direction, in addition to lack of sufficient training, permitted and established the framework for the customs and practices of the violations of the Plaintiffs.

54) Defendant Gibson issued no disciplinary action to Defendant Miller regarding the violations of the United States and the State of Florida Rights afforded the Plaintiffs.

55) Defendant Gibson through his supervision and direction, failed to effectively supervise and train Defendant Miller.

56) Defendant Gibson acted in violation of the Due Process Clause that protects individual liberty against certain government actions that interfere with certain fundamental rights and liberty interests of the Plaintiffs.  The Fourteenth Amendment of the United States Constitution forbids the government to infringe on the fundamental rights and liberties which are deeply rooted in this Nation's history and tradition. These rights cannot be deprived the Plaintiffs without due process of law, which did not occur in

this case, as there was no Court Ordered Subpoena or Warrant authorizing Defendant Miller to obtain and possess before mentioned letter.

57) Defendant Gibson knew that the Osceola County Jail and the Osceola County Sheriff's Department fell under two entirely different authorities and jurisdictions but voluntarily chose to collude to violate the liberties and rights of the Plaintiffs under customs and practices in conflict and violation with the Constitution of the United States and the Florida State Constitution.

## vii.
## DEFENDANT OSCEOLA COUNTY JAIL
### Fourth Amendment USCA Unreasonable Search and Seizure Violation
*(Florida Constitution Article 1 Section 9 – Due Process)*
*(Florida Constitution Article 1 Section 12 – Search and Seizure)*

58) Plaintiff incorporates by reference herein paragraphs 1 through 19 above.

59) Osceola County Jail is an entity governed and maintained by the Osceola Board of Commissioners and falls under the auspices of Osceola County, not the State of Florida

60) Osceola County Jail, through policy and custom, permitted and facilitated the opening of then a sealed letter from Plaintiff Anthony John Todt addressed to Robert Todt, after it had been inspected, sealed, and signed by a Correctional Officer without Legal Authority by the Court, in violation of Plaintiff's Constitutional Rights.

61) Osceola County Jail proceeded to then forward the illegally opened letter to Defendant Miller without permission of either Plaintiff in this case, and without Legal Authority by the Court, in violation of Plaintiff's Constitutional Rights.

62) Osceola County Jail is responsible and guilty of a Monell Liability Claim because it violated both Plaintiff's Rights in this case, had a custom or policy that constituted deliberate indifference to that constitutional right, and the policy or custom caused the violation.

**viii.**
**DEFENDANT OSCEOLA COUNTY JAIL**
**<u>Fourteenth Amendment USCA Due Process Violation</u>**
***(Florida Constitution Article 1 Section 9 – Due Process)***
***(Florida Constitution Article 1 Section 12 – Search and Seizure)***

63)  <u>Plaintiff incorporates by reference herein paragraphs 1 through 19 above.</u>

64)  <u>Osceola County Jail is an entity governed, maintained, and operated by the Osceola Board of Commissioners and falls under the auspices of Osceola County, not the State of Florida</u>

65)  <u>Osceola County Jail, through policy and custom, permitted and facilitated the opening of then a sealed letter from Plaintiff Anthony John Todt addressed to Plaintiff Robert Todt, after it had been inspected, sealed, and signed by a Correctional Officer in view of camera without legal authority granted by the Court to do so.</u>

66)  <u>Osceola County Jail proceeded to then forward the illegally opened letter to Defendant Miller without permission of either Plaintiff in this case, or Legal Authority established by the Court.</u>

67)  <u>Osceola County Jail is responsible and guilty of a Monell Liability Claim because it violated both Plaintiff's Rights in this case, had a custom or policy that constituted deliberate indifference to that constitutional right, and the policy or custom caused the violation.</u>

68)  <u>Osceola County Jail acted in violation of the Due Process Clause that protects individual liberty against certain government actions that interfere with certain fundamental rights and liberty interests of the Plaintiffs.  The Fourteenth Amendment of the United States Constitution forbids the government to infringe on the fundamental rights and liberties which are deeply rooted in this Nation's history and tradition.  These rights cannot be deprived the Plaintiff without due process of law.</u>

16

**ix.**
**DEFENDANT OSCEOLA COUNTY SHERIFF'S OFFICE**
**Fourth Amendment USCA Unreasonable Search and Seizure Violation**
*(Florida Constitution Article 1 Section 9 – Due Process)*
*(Florida Constitution Article 1 Section 12 – Search and Seizure)*

69) Plaintiff incorporates by reference herein paragraphs 1 through 19 above.

70) Osceola County Jail is an entity governed and maintained by the Osceola Board of Commissioners and falls under the Osceola County, not the State of Florida

71) Osceola County Sheriff's Office, through policy and custom, directed Osceola County Jail, through Defendant Miller acting under the Supervision of Defendant Gibson to open a then sealed letter from Plaintiff Anthony John Todt addressed to Robert Todt, after it had been inspected, sealed, and signed by a Correctional Officer, and thus under the authority of the United States Postal Service.

72) Osceola County Sheriff's Office, through policy and custom, then instructed the Osceola County Jail to forward illegally opened and obtained letters from Plaintiffs to Defendant Miller acting under the Supervision of Defendant Gibson without permission of either Plaintiff in this case, and without Legal Authority by the Court.

73) Osceola County Sheriff's Office, through policy and custom, then read the illegally obtain letter, and forward the letter to Defendant Pinnell without permission of either Plaintiff in this case, and without Legal Authority by the Court.

74) Osceola County Sheriff's Office is responsible and guilty of a Monell Liability Claim because it violated both Plaintiff's Rights in this case, had a custom or policy that constituted deliberate indifference to that constitutional right, and the policy or custom caused the violation.

75) Osceola County Jail acted in violation of the Due Process Clause that protects individual liberty against certain government actions that interfere with certain fundamental rights and liberty interests of the Plaintiffs. The Fourteenth Amendment of the United States Constitution forbids the government to infringe on the fundamental rights and liberties which are deeply rooted in this Nation's history and tradition. These rights cannot be deprived the Plaintiff without due process of law.

**x.**
## DEFENDANT OSCEOLA COUNTY SHERIFF'S OFFICE
### Fourteenth Amendment USCA Due Process Violation
*(Florida Constitution Article 1 Section 9 – Due Process)*
*(Florida Constitution Article 1 Section 12 – Search and Seizure)*

76) Plaintiff incorporates by reference herein paragraphs 1 through 19 above.

77) Osceola County Jail is an entity governed and maintained by the Osceola Board of Commissioners and falls under the auspices of such, not the State of Florida

78) Osceola County Sheriff's Office, through policy and custom, directed Osceola County Jail, through Defendant Miller acting under the Supervision of Defendant Gibson to open a then sealed letter from Plaintiff Anthony John Todt addressed to Robert Todt, after it had been inspected, sealed, and signed by a Correctional Officer, and thus under the authority of the United States Postal Service.

79) Osceola County Sheriff's Office, through policy and custom, then instructed the Osceola County Jail to forward illegally opened and obtained letters from Plaintiffs to Defendant Miller acting under the Supervision of Defendant Gibson without permission of either Plaintiff in this case, and without Legal Authority by the Court.

80) Osceola County Sheriff's Office, through policy and custom, then read the illegally obtain letter, and forward the letter to Defendant Pinnell without permission of either Plaintiff in this case, and without Legal Authority by the Court.

81) Osceola County Sheriff's Office is responsible and guilty of a Monell Liability Claim because it violated both Plaintiff's Rights in this case, had a custom or policy that constituted deliberate indifference to that constitutional right, and the policy or custom caused the violation.

82) Osceola County Sheriff's Office acted in violation of the Due Process Clause that protects individual liberty against certain government actions that interfere with certain fundamental rights and liberty interests of the Plaintiffs. The Fourteenth Amendment of the United States Constitution forbids the government to infringe on the fundamental rights and liberties which are deeply rooted in this Nation's history and tradition. These rights cannot be deprived the Plaintiff without due process of law.

## V.   RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes. If requesting money damages (*either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

A. Issue a **declaratory judgment** declaring that:

1) The actions of the Defendants violated Plaintiff's Constitutionally protected rights against illegal search and seizure, under the Fourth Amendment to the United States Constitution

2) The actions of the Defendants violated Plaintiff's Constitutionally protected due process rights under the Fourteenth Amendment to the United States Constitution

3) The actions of the Defendants violated Plaintiff's right to Constitutionally protected liberties that include right to privacy and safeguards against unwanted government intrusion.

4) The actions of the Defendants were in violation of the United States Postal Code.

5) The actions of the Osceola County Sheriff's Office and Osceola County Jail were in violation, through custom and/or policy, of the Fourth and Fourteenth Amendments to the United States Constitution that protect individual liberty against certain government actions that interfere with fundamental rights and liberty interests of the Plaintiffs that include Right to Privacy and an unbiased jury pool.

6) The actions of the Osceola County Sheriff's Office and Osceola County Jail violated the Constitutional Rights of the Plaintiffs in this case, had a custom or policy that constituted deliberate indifference to the stated constitutional rights in this complaint, and the policy or custom caused the violation.

7) The Defendants' invasion of privacy against the Plaintiffs caused irreparable harm to reputation and caused extreme emotional distress through the release of private material, obtained illegally, to the news media for nation-wide publishing.

8) The Defendants acted in collusion with the intention to create an overall defamatory impression of the Plaintiff.

9) Order the removal of the letter from all websites, collections, printed and virtual, and relinquish control and order destroyed of such letter by all parties, including the Orlando Sentinel, Associated Press, media organizations, The 9th District State Attorney's Office and all other parties in possession of such as this letter was obtained by illegal means and was the culmination of Constitutional Rights against the Plaintiffs.  The invasion of privacy perpetuates for the course of time the information remains accessible to the public on media platforms and in possession of the State of Florida. This Order is necessary to protect the Plaintiffs from continued trespass to Constitutionally protected rights with a permanent injunction to prevent further tortuous conduct.

10) The actions of the Defendants  violated the tort of unjustifiable intrusion upon another by appropriating his or her name or likeness, by unreasonably interfering with his or her seclusion, by publicizing information about his or her private affairs that a reasonable person would find objectionable and in which there is no legitimate public interest, or by publicizing information that places him or her in a false light.

11) The publication of the letter subjected the Plaintiff to unwanted hatred, ridicule, contempt, and/or disgrace due to the subject matter of the case and the revelation of family history of the Plaintiffs that was of a personal nature.

12) The intentional actions of the Defendants infringed upon the intrusion upon seclusion theory based upon their wrongful intrusion into Plaintiffs' private activities in such a manner that it caused severe outrage, mental suffering, shame, and/or humiliation to Plaintiffs and would otherwise cause such effects to be felt by a person of ordinary sensibilities, that a reasonable person would find highly offensive.

13) The Defendants' conduct of public display and facilitation of such after abuse of process and invasion of privacy of the Plaintiff violated the ordinary decencies recognized by our society.

14) The Defendants' actions that culminated in the publication of private material illegally seized by violation of process attempted to place Plaintiffs in such a negative light in the community by disclosing such sensitive and personal nature and weaponizing the information to ostracize Plaintiff from individuals in the society and their families, limiting their trial strategies, and contributing to the delay of trial commencement.

15) The Defendants' actions caused publication of private facts that were not of public concern, and through their illegal seizure and abuse of process, caused to have disclosed private facts about the Plaintiff nationwide, that perpetuate harassment and humiliation of the Plaintiff and his family.

B. Award **compensatory damages** in the following amounts:
   1) $10,000,000 jointly and severally against Defendants, for Constitutional Violations, invasion of privacy, collusion to deprive Plaintiffs of liberties and fundamental rights, injury to personal and professional reputations of the Plaintiffs, emotional injury/distress from release of private material obtained illegally to the public, and negligence in the protection of the Constitutional Rights of the Plaintiffs. In addition, the Abuse of Process and Invasion of Privacy of the Plaintiffs' caused the loss of income, past-current-future, due to unwarranted and exploitation of their reputation, family history, and other information that was personal and unwanted for public exposure.

C. Award **punitive damages** in the following amounts:
   1) $30,000,00.00 jointly and severally against Defendants to prevent future violations of the Constitution, by custom and procedure, both in an individual and official capacities.

## VI.   CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


**For Parties without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Date: 7-18-24            Plaintiff's Signature: _____
Printed Name of Plaintiff:     **Anthony John Todt**

## VII.  EXHAUSTION OF ADMINISTRATION REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

*__No applicable administrative remedies to exhaust__*

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases – including, but not limited to civil case, habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
   ☐ Yes  ☒ No
   If "Yes," identify the case number, date of dismissal, and court for each case:

B. Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case?
   ☐ Yes  ☒ No

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?
   ☐ Yes  ☒ No
   If  "Yes,"  identify  all  lawsuits,  petitions  and  appeals:

22

## IX.  CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as requested by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: _7-18-2024_

Printed Name of Plaintiff:

Correctional Institution:

Address:

Plaintiff's Signature: _____

**Anthony John Todt**

**Santa Rosa Correctional Institution Annex**

**5850 East Milton Road**

**Milton, Florida 32583**

25